# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Matthew F. Kennelly | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 2656 | **DATE** | 12/18/2000 |
| **CASE TITLE** | Efrain Morales vs. Roger Cowan | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. For the reasons set forth in the attached order, the Court directs respondent to file the state court record (both the transcript and the common law record) on or before 1/17/01; petitioner's motion for discovery (3-1) is denied as moot; his motion for summary judgment (13-1) is denied; and his motion to stay (2-1) is denied without prejudice. The Court will enter a separate order appointing counsel for petitioner. Status hearing set to 1/31/01 at 9:30 for the purpose of setting a date for petitioner to reply to respondent's answer. Roger Cowan is substituted for Donald Snyder as the respondent

(11) ■ [For further detail see order attached to the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | **Document Number** |
| | No notices required. | number of notices | |
| | Notices mailed by judge's staff. | DEC 2 0 2000 | |
| | Notified counsel by telephone. | date docketed | |
| ✓ | Docketing to mail notices. | | 24 |
| | Mail AO 450 form. | DEC 19 PM 4:04 | |
| | Copy to judge/magistrate judge. | docketing deputy initials | |

date mailed notice

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

EFRAIN MORALES, )
)
       Petitioner, )
)
vs. ) Case No. 00 C 2656
)
ROGER COWAN,[1] )
)
       Respondent. )

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

    Petitioner Efrain Morales was convicted in Illinois state court of first degree murder, attempt murder, and aggravated battery with a firearm, and he was sentenced to a total of 90 years in prison. He has filed a habeas corpus petition pursuant to 28 U.S.C. §2254 in which he asserts that he was denied the effective assistance of counsel at trial and that his due process rights were violated by the state courts' failure to grant him an evidentiary hearing on his state post-conviction petition.

    In its answer to the petition, respondent asserts that certain aspects of Morales' ineffective assistance claim are barred due to procedural default, specifically his failure to file a petition for leave to appeal ("PLA") to the Illinois Supreme Court after these claims were rejected on direct appeal. *See* Respondent's Answer, pp. 9-10; *see generally O'Sullivan v. Boerckel*, 119 S. Ct. 1728 (1999). Morales can overcome this argument only by establishing that he has cause for

---

[1] Pursuant to Rule 2(a) of the Rules Governing Section 2254 Cases, Roger Cowan, the current warden of Menard Correctional Center (where petitioner is incarcerated) is substituted as the Respondent for Donald Snyder.

failing to raise the claims in a PLA and prejudice resulting from the default, or by showing that this Court's failure to address the claims on their merits would constitute a "fundamental miscarriage of justice," namely that "'a constitutional violation has probably resulted in the conviction of one who is actually innocent.' To establish the requisite probability, the petitioner must show that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence." *Id.* at 327 (quoting *Murray v. Carrier,* 477 U.S. 478, 496 (1986)).

Morales has not yet replied to respondent's answer. He has, however, moved to stay the proceedings in this case pending resolution of a second state post-conviction petition he intends to file and has also filed a "motion for summary judgment" essentially asking for that same relief. Morales says that the new post-conviction petition will include a claim that he is actually innocent of the crimes charged, *see People v. Washington,* 171 Ill. 2d 475, 665 N.E.2d 1330 (1996), in addition to claims that he did not receive the effective assistance of appellate counsel; that the prosecution suppressed evidence (presumably exculpatory evidence) in his case; that it pursued inconsistent theories; and that he was a victim of disparate treatment in sentencing. *See* Ptr. Reply, p. 4. In support of his claim of innocence, Morales attaches an affidavit from his co-defendant, Mario Gonzalez, who says that it was Roberto Moncada, not Morales, who committed the crimes along with Gonzalez.

Respondent argues that a stay would be inappropriate, relying primarily on *Neal v. Gramley,* 99 F.3d 841, 846 (7th Cir. 1996), in which the Seventh Circuit refused to grant a stay of a habeas corpus appeal to permit the petitioner to pursue a third state post-conviction petition. In *Neal,* the court noted that petitioner sought the stay so that he could, in the event the state

courts denied relief, amend his federal habeas petition to include the newly-raised claims; he conceded that his goal was "to circumvent the limitations that the Act places on the filing of successive [petitions] for federal habeas corpus." *Id.* The court declined to permit the petitioner "to do indirectly what the law forbids him to do directly" and therefore denied the request for the stay. *Id.* Respondent suggests that this is precisely what Morales is attempting to do by seeking a stay in this case and argues that this Court should deny his request.

In its most recent comment on this issue, however, the Seventh Circuit has stated (though without distinguishing *Neal*) that habeas corpus proceedings can, in the discretion of the district judge, be stayed pending the state courts' determination of a second post-conviction petition. *Tinker v. Hanks*, 172 F.3d 990 (7th Cir. 1999), *vacated and remanded on other grounds*, 121 S. Ct. 476 (2000); *see also United States ex rel. Williams v. Gilmore*, 104 F. Supp. 2d 931, 931 (N.D. Ill. 2000). In *Neal*, moreover, it was clear that the issues raised in the successive state petition were not "entangled with the issues of federal law presented by [the habeas petition] or that their resolution might affect [the federal court's] decision of the [habeas case]." *Id.* at 846. In this case, by contrast, there may indeed be some "entanglement" between the issues that Morales intends to raise in state court and the issues in this case: Morales' claim of actual innocence may give him a basis for excusing the alleged procedural default of parts of his ineffective assistance claim.

That does not necessarily mean that a stay of the proceedings in this case is required. Morales is somewhat vague on what he hopes to do in the state court that would assist in the resolution of his current federal claims; if all he intends to do is pursue additional claims for the purpose of supplementing his federal habeas petition, *Neal* indicates that a stay is not

3

appropriate. The Court believes that the best course is to evaluate the appropriateness of a stay in the context of dealing with the issue of procedural default. Pending that review, Morales' motion for stay is denied without prejudice. His motion for summary judgment is denied, as Morales has not provided the Court with any basis upon which to enter judgment in his favor. The Court intends to appoint counsel to represent Morales and will set a status hearing at which time a date will be set for Morales to reply to respondent's procedural default argument.[2]

Morales has also made a "motion for discovery" in which he seeks to obtain the transcript of his trial, the papers filed in that case (what Illinois courts refer to as the "common law record"), and copies of the material produced in discovery in the state court. Irrespective of the procedural default issues previously discussed, it seems to the Court that it would be virtually impossible for petitioner to litigate his non-defaulted claims without having access to, at a minimum, the record of the state court proceedings. The Court therefore directs respondent to file the state court record (both the transcript and common law record) with this Court within 30 days of this order. Once the state court record has been filed, appointed counsel will be able to review it and obtain a copy for use in this case. Petitioner's motion for discovery is denied without prejudice in light of the Court's order directing respondent to file the state court record in this case.

## Conclusion

For the reasons stated above, the Court directs respondent to file the state court record

---

[2] Respondent concedes that there are certain aspects of Morales' claim that are not procedurally defaulted but argues that Morales is not entitled to an evidentiary hearing on those issues. *See Keeney v. Tamayo-Reyes*, 504 U.S. 1 (1992). The Court will address this issue only after it determines whether parts of Morales' claim are barred by procedural default.

(both the transcript and common law record) with this Court on or before January 17, 2001; petitioner's motion for discovery [Item 3-1] is denied as moot; his motion for summary judgment [13-1] is denied; and his motion for a stay [2-1] is denied without prejudice. The Court will enter a separate order appointing counsel for petitioner. The case is set for status on January 31, 2001 at 9:30 a.m. for the purpose of setting a date for petitioner to reply to respondent's answer. Roger Cowan is substituted for Donald Snyder as the Respondent.

_____
MATTHEW F. KENNELLY
United States District Judge

Date: December 18, 2000

5